IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
CASEY FISHER,                        :
                                     :
            Plaintiff,               :    Civil No. 07-2273 (RBK)
                                     :
      v.                             :    **OPINION**
                                     :
UNITED STATES DEPARTMENT             :
OF JUSTICE,                          :
                                     :
            Defendant.               :
_____:

**KUGLER**, United States District Judge:

      Presently before the Court is a motion by Defendant United States Department of Justice ("the Government") to dismiss the complaint of Plaintiff Casey Fisher ("Plaintiff") for failure to exhaust his administrative remedies and for deficiencies in service of process. Also before the Court is Plaintiff's motion for an extension of time to file a response to the Government's motion. Plaintiff brought this action to obtain access to documents pertaining to himself from the United States Department of Justice ("USDOJ"), Executive Office of the United States Attorney ("EOUSA"), and the United States Immigration and Customs Enforcement ("USICE"). For the reasons set forth below, this Court will construe the Government's motion as one for summary judgment and will grant that motion. The Court will also grant Plaintiff's motion for an extension of time.

**I.      BACKGROUND**

Plaintiff submitted Freedom of Information Act ("FOIA") Requests to the EOUSA and USICE by letters dated April 1, 2007 and April 2, 2007. In those FOIA Requests he asked for "all documents related to investigations and/or inquiries regarding me." (Pl.'s Opp'n Exs. D, E.) EOUSA maintains that it mailed a letter to Plaintiff within the statutory period acknowledging his request and notifying him of the backlog that existed for processing FOIA requests. That response further informed Plaintiff that his request would be answered in the order it was received. (Luczinski Decl. ¶ 5.) Plaintiff did not receive responsive documents before the end of statutory period, so he filed this action to enforce the request on May 15, 2007. The complaint was docketed on June 4, 2007, once the Court granted Plaintiff's application to proceed in forma pauperis.

On July 25, 2007, EOUSA processed sixty-five pages of records related to Plaintiff. EOUSA provided twenty-six of those pages to Plaintiff and withheld the rest pursuant to FOIA Exemption (b)(7)(C), which prohibits public disclosure of information compiled for law enforcement purposes where such disclosure could reasonably be expected to constitute and unwarranted invasion of personal privacy. USICE never responded to Plaintiff's FOIA Request because, the Government asserts, Plaintiff failed to name the department to which USICE belongs, Department of Homeland Security.

By letter dated September 20, 2007, Plaintiff appealed the outcome of his EOUSA FOIA Request to the Office of Information and Privacy ("OIP"). He argued that the records were not properly withheld and that EOUSA must have more than sixty-five pages of records about him. OIP did not receive Plaintiff's appeal until October 4, 2007, ten days after the deadline. (See

Hairston Decl. ¶ 3.)

On September 19, 2007, the Government filed the motion to dismiss now before the Court. Plaintiff filed a motion for an extension of time to respond to the Government's motion, also presently pending. Plaintiff filed his opposition on November 29, 2007, and the Government replied on December 7. Finally, Plaintiff mailed a surreply to this Court; however, since Plaintiff did not seek leave to file a surreply as required by Local Civil Rule 7.1(d)(6), the Court will not consider Plaintiff's submission.

The Court construes the Government's motion as one for summary judgment because the Government relies on materials outside the pleadings, which the Court considers in resolving the motion. See Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000). Although the Government did not file its motion in the alternative as a summary judgment motion, Plaintiff also relies on documents beyond the pleadings in opposing the Government's motion, so the Court will assume Plaintiff had sufficient notice and an opportunity to respond.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving

for summary judgment.  Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

### III.  ANALYSIS

The Government seeks dismissal of Plaintiff's claims on two grounds.  First, it argues this Court lacks jurisdiction over Plaintiff's claim because Plaintiff failed to timely exhaust his administrative remedies.  Additionally, the Government contends Plaintiff did not effect proper service on the United States Attorney General.  As to the Government's first grounds, Plaintiff attests that he mailed his appeal four days before the deadline and argues that the prison mailbox rule should apply in this situation.  With respect to the Government's second argument, Plaintiff produces the certified mailing receipt to show that he served the Attorney General with his complaint.  In its reply, the Government acknowledges that it reexamined its files and discovered that the Attorney General had in fact been served; however, the Government argues service was still insufficient because Plaintiff only served the Attorney General with the Complaint and not

with the Summons.

FOIA generally provides a judicially enforceable right to obtain access to federal agency records, except to the extent that such records, or portions thereof, fall within one of nine exceptions. See 5 U.S.C. § 552(a)(3); Lame v. U.S. Dep't of Justice, 767 F.2d 66, 68 n.1 (3d Cir. 1985). An agency to which a FOIA request has been submitted has ten days to notify the requester whether it will comply with the request. § 552(a)(6)(C). An agency has twenty days to process an administrative appeal of a response to a FOIA request. § 552(a)(6)(A)(ii). The statute provides further that a requester shall be deemed to have exhausted his administrative remedies if the agency fails to comply with either of these deadlines. § 552(a)(6)(C). Once the agency has responded to a FOIA request, however, any case pending under § 552(a)(6)(C) becomes moot. See McDonnell v. United States, 4 F.3d 1227, 1240 (3d Cir. 1993); Voinche v. F.B.I., 999 F.2d 962, 963 (5th Cir. 1993). At that point, the requester can seek judicial review only after he has exhausted his administrative remedies by timely filing an appeal and awaiting its outcome. McDonnell, 4 F.3d at 1240 (citing Oglesby v. Dep't of Army, 920 F.2d 57 (D.C. Cir. 1990)). Significantly, any appeal "must be received by the Office of Information and Privacy within 60 days of the date of the letter denying your request." 28 C.F.R. § 16.9(a). In addition, if the requester does not exhaust his administrative remedies before filing suit, the district court may, as a prudential matter, decline to exercise jurisdiction over his FOIA claim. McDonnell, 4 F.3d at 1240 n.9.

Plaintiff initially brought his case pursuant to section 552(a)(6)(C) because he alleged that he had not received a response to his EOUSA FOIA request within the ten-day time limit. As such, the issue was initially not Plaintiff's ultimate entitlement to access the records, but under

5

what time constraints EOUSA should be compelled to respond. See Voinche, 999 F.2d at 963 (citing Open Am. v. Watergate Special Prosecution Force, 547 F.2d 605, 607 (D.C. Cir. 1976)). Once EOUSA satisfied Plaintiff's FOIA request on July 25, 2007, however, his claim under section 552(a)(6)(C) became moot. As of the date the Government filed its motion to dismiss, Plaintiff had not appealed EOUSA's decision to withhold documents pursuant to FOIA exemption (B)(7)(C), and in its brief, the Government asserted that the sixty-day window for such an appeal had passed. On the contrary, as the Government acknowledged in its Reply, Plaintiff had until September 24, 2007 to appeal EOUSA's response, and on September 20, he mailed his appeal to OIA. (See Pl.'s Opp'n Ex. B.) OIA did not log its receipt of Plaintiff's appeal until October 4, 2007, however. (Hairston Decl. ¶¶ 3-4.)

Plaintiff argues for an extension of the "prison mailbox rule" to the filing of administrative appeals of FOIA requests. Under this rule, a filing by a pro se prisoner litigant is deemed filed on the date the prisoner delivers it to prison officials for mailing, not the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (establishing rule in context of appeal); Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (extending rule to pro se prisoner's filing of habeas petition); Askew v. Jones, 160 F. App'x 140, 142 n.3 (3d Cir. 2005) (applying rule to motion for reconsideration). The Third Circuit, however, has explicitly rejected the application of the rule where, as here, "statutory or regulatory schemes that clearly required actual receipt by a specific date." Longenette v. Krusing, 322 F.3d 758, 764 (3d Cir. 2003).

The plain language of 28 C.F.R. § 16.9(a) provides that an appeal must be received within sixty days of the date of the letter denying the request. Moreover, Plaintiff bears the burden of

producing evidence of a proper appeal. See Schoenman v. F.B.I., Civ. A. No. 04-2202, 2006 WL 1582253, at *11 (D.D.C. June 5, 2006) (citing Bestor v. Cent. Intelligence Agency, No. Civ. A 04-2049, 2005 WL 3273723, at *4 (D.D.C. Sept. 1, 2005)). The Bestor court aptly explained the allocation of this burden: "If a party could avoid the exhaustion requirement merely by asserting that they had pursued all available administrative relief, administrative agencies would be placed in the position of having to prove the negative." Bestor, 2005 WL 3273723, at *4.

Here, the Government provides the Declaration of Chiquita J. Hairston in which she avers that by searching the database OIP uses to track appeals, she determined that OIP did not receive Plaintiff's appeal until October 4, 2007. Plaintiff offers a copy of his appeal, which is dated September 20, 2007; however, this is not sufficient to meet his burden of showing that OIP in fact received that appeal by September 24. As such, Plaintiff has not exhausted his administrative remedies, and this Court will therefore decline to exercise jurisdiction over his claim.

### IV.    CONCLUSION

Based on the foregoing reasoning, this Court will grant the Government summary judgment and will further grant Plaintiff's motion for an extension of time. An accompanying Order shall issue today.


Dated: 5/9/08                                  s/ Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge